# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ASHLEY SMITH | §<br>§ Civil Action No. 4:16-CV-886 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| BH MANAGEMENT SERVICES, LLC<br>d/b/a TIMBERGLEN APARTMENTS | §<br>§ |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 26, 2017, the report of the Magistrate Judge (Dkt. #48) was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment (Dkt. # 30) be granted and that Plaintiff's Motions for Summary Judgment (Dkts. #42, #46) be denied. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiff's objections (Dkts. #49, #50), Defendant's Response to Plaintiff's Objection ("Response") (Dkt. #51) and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### RELEVANT PROCEDURAL HISTORY

The Magistrate Judge has summarized the relevant factual history in the Report and Recommendation; as such, herein, the Court merely lays out the relevant procedural history.

Defendant filed its Motion for Summary Judgment (Dkt. #30) on March 20, 2017. Plaintiff failed to file a timely response (Dkt. #40 at 2). In light of Plaintiff's *pro se* status, the Court provided Plaintiff a further opportunity to file a response to the Motion, but Plaintiff also failed to

meet this deadline (Dkt. #40 at 2). On July 18, 2017, Plaintiff filed a single paragraph "Motion for Demand," which was docketed as a Motion for Summary Judgment (Dkt. #42). On July, 25, 2017, Defendant filed a response to Plaintiff's Motion for Demand (Dkt. #43 at 3-4). On September 7, 2017, Plaintiff filed a further handwritten document, entitled Amended Motion for Summary Judgment, attached to which were several photographs (Dkts. #46, #46-1). On September 20, 2017, Defendant filed Objections to Plaintiff's Evidence and Response to Plaintiff's Amended Motion for Summary Judgment (Dkt. #47). On September 26, 2017, the report and recommendation of the Magistrate Judge was entered recommending that Defendant's Motion for Summary Judgment (Dkt #30) be granted and that Plaintiff's Motions for Summary Judgment (Dkts. #42, 46) be denied. The Magistrate Judge's report and recommendation found that Plaintiff's failure to produce any summary judgment evidence precluded the Court from granting her Summary Judgment Motion (Dkt. #48 at 5). The report and recommendation also found that Defendant's denial of liability was sufficient to survive summary judgment on the four elements of premises liability because Plaintiff failed to substantively respond to Defendant's denials (Dkt. #48 at 8-11). On October 12, 2017, Plaintiff timely filed her objections to the report and recommendation (Dkts. #49, #50). On October 24, 2017, Defendant filed its Response to such objections (Dkt. #51).

## PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff's objections almost exclusively consist of apologies to the Court for her insufficient pleadings and explanations for her failure to sufficiently plead and/or respond to the Court's orders (Dkt. #49 at 1-2). Plaintiff largely blames her ignorance of the legal system, its terminology, and

the deadlines in this case for her tardy and unresponsive pleadings (Dkt. #49 at 1-2). *Martin v. Akzo Nobel Polymer Chemicals LLC*, 180 Fed. Appx. 519, 521 (5th Cir. 2006) (plaintiff's ignorance of the Federal Rules of Civil Procedure or the Local Rules does not excuse plaintiff's failure to timely file a response).

Plaintiff asserts in her objections that that the uneven nature steps were unreasonably dangerous, the unevenness of the steps caused her injury, Defendant must have been aware of the allegedly dangerous condition, and Defendant failed to use reasonable care to eliminate the risk of harm the steps posed (Dkt. #49 at 3). But, such statements constitute no more than a recitation of the factual allegations in her complaint; they are not evidence sufficient to establish a material fact and Plaintiff's apologies cannot excuse her failure to file a response or result in a reversal of the report herein.

Moreover, "[p]arties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). Plaintiff in her objections does not identify or otherwise state any finding and/or specific issue of law among those set forth in the Magistrate Judge's report and recommendation with which she disagrees; Plaintiff merely reiterates her factual narrative and attempts to excuse her earlier conduct and pleadings.

Notwithstanding Plaintiff's failure to meet the specificity requirement, the Court has undertaken a de novo review of the report and recommendation and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass*, 79 F.3d at 1429 (noting

3

that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation).

## CONCLUSION

Having considered Plaintiff's objections (Dkts. #49, #50), Defendant's Response (Dkt. #51), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #48) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #30) is **GRANTED** and that Plaintiff's Motions for Summary Judgment (Dkts. #42, #46) are **DENIED**; Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED**.
SIGNED this 6th day of November, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE